679 So.2d 1246 (1996)
BAY COUNTY SCHOOL BOARD, Jack Simonson and Carol Love, Appellants,
v.
Grace D. BRYAN, Albert Harris, Celestine Cherry, and Ida Conner, Appellees.
No. 95-3089.
District Court of Appeal of Florida, First District.
September 11, 1996.
Rehearing Denied October 16, 1996.
*1247 Mark D. Dreyer of Harrison, Sale, McCloy & Thompson, Chtd., Panama City, FL, for appellants.
No appearance for appellees.
KAHN, Judge.
Appellees, all teachers in Bay County, brought an administrative civil rights action claiming that performance evaluations done by appellants were in violation of section 760.10(1)(a), Florida Statutes (1989). Appellant Bay County School Board operated the schools in which appellees were employed. Jack Simonson was the Superintendent of Public Instruction in Bay County during the time appellants claim their civil rights were violated, and Carol Love was an assistant principal at Rosenwald Middle School and was directly involved in the teacher evaluations.
A hearing officer of the Division of Administrative Hearings, Diane Kiesling, heard testimony at a two-day formal hearing conducted in Panama City. She considered the claims raised by each teacher and concluded, as to each, that the greater weight of the evidence presented established that at no time did any of the appellants take any discriminatory action against the teachers on account of their race. Bryan, Harris, Cherry and Conner filed exceptions which were subsequently considered by the Florida Commission on Human Relations. The Commission issued an order containing the following "findings of fact":
We reject the ultimate finding that, missing from the record, is competent substantial evidence to reveal the presence of an active, unlawful discriminatory motivation. The competent, substantial evidence in the record establishes that when the petitioners were given unsatisfactory evaluations for the school year 1989-1990, the respondents' motivation was a matter of racial prejudice against them because they are black, which means that unlawful employment practices did occur.
Conspicuously missing from the Commission's final order, however, is a statement that the hearing officer's findings of no discrimination "were not based upon competent substantial evidence ..." § 120.57(1)(b)10, Fla. Stat. (1993) Indeed, as appellants point out in their brief, nothing in the Commission's order suggests that Hearing Officer Kiesling's critical finding of no racial discrimination was not supported by evidence of record. Rather, the Commission disagreed with the hearing officer's findings and entered an order based upon that disagreement. The dissenting commissioner, Chairman James, would have adopted the recommended order because he recognized "there is competent substantial evidence in the record to support the DOAH hearing officer's ultimate finding of no discrimination." Commissioner James was correct in his interpretation of Chapter 120, Florida Statutes. The other two commissioners were troubled by the hearing officer's findings because, as suggested by Commissioner Santos, the hearing officer may have looked "more favorably upon the testimony of Mrs. Love."
The only issues in this case were factual. Nothing in the final order entered by the Commission suggested any real issue of law. Rather, the majority of the Commission was persuaded by evidence it found to be "substantial and (pointing) in the direction of unlawful discriminatory employment practices..." In other words, the majority of the Commission merely reweighed the evidence and substituted their judgment for that of the hearing officer even though the record contains evidence supporting the hearing officer's findings. In this posture, the final order may not stand. Department of Bus. & Prof. Reg. v. McCarthy, 638 So.2d 574 (Fla. 1st DCA 1994); Heifetz v. Department of Bus. Reg., 475 So.2d 1277 (Fla. 1st DCA 1985). We must once again reiterate for the benefit of the administrative agencies of this state that an agency bound by chapter 120 may not reject the hearing officer's findings of fact unless the agency first finds and states with particularity in the order that the *1248 findings of fact were not based upon competent substantial evidence. § 120.57(1)(b), Fla. Stat. (1993).
REVERSED.
ERVIN and BENTON, JJ., concur.